UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Criminal Case No.:
                              17-cr-20770

                              Honorable Gershwin A. Drain

KEWAI TYRONE HUNTER,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTON FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) [#56], GRANTING EX PARTE MOTION FOR WITHDRAWAL OF ATTORNEY [#65], DENYING MOTION TO STAY PROCEEDINGS [#66], AND DENYING MOTION FOR SUBSTITUTION OF COUNSEL [#67]**

**I.     INTRODUCTION**

Presently before the Court is the Defendant's Motion for Compassionate Release.  On December 4, 2018, Hunter pleaded guilty to possession with intent to deliver cocaine base over 28 grams (Count I) and possession of a firearm in furtherance of a drug trafficking crime (Count III). The Rule 11 Plea Agreement between the Government and Hunter calculated Hunter's guidelines range to be 360 months' confinement.  The Court ultimately sentenced Hunter to 60 months on Count I and 120 months on Count III, to run consecutively. The Bureau of Prisons'

website lists Hunter's release date as December 9, 2032. Hunter has served approximately six and a half years of his 15-year sentence.

## II. BACKGROUND

Defendant is 47 years old and currently incarcerated at FCI Terre Haute, Indiana. He bases his request for a sentence reduction on the COVID-19 pandemic, as well as his health conditions, including asthma, borderline diabetes and borderline hypertension.

## III. LAW & ANALYSIS

### A. Standard of Review

The compassionate release provision set forth in 18 U.S.C. § 3582(c)(1)(A) allows the district courts to reduce a term of imprisonment and impose a term of probation or supervised release under certain conditions. *See* 18 U.S.C. § 3582(c)(1)(A). Pursuant to this provision, defendants may move for compassionate release on their own behalf after (1) exhausting the Bureau of Prison's administrative process, or (2) thirty days have passed from the warden's receipt of a request for early release—whichever is earlier. *Id.*, *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion by one of these avenues is a mandatory condition for granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020). If the Government properly invokes the exhaustion requirement, the Court is compelled to enforce it. *Id.* at 834.

After satisfying the exhaustion requirement, the statute requires district courts to undertake a three-step test in evaluating a motion for compassionate release. *Jones*, 980 F.3d at 1107-08. Specifically, the Court must: (1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" (2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and (3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101).

As to the second factor, the relevant policy statement by the Sentencing Commission is found in the United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted). Previously, § 1B1.13 applied only to motions filed by the Director of the Bureau of Prisons. *See Elias*, 984 F.3d at 519 (based on the express language of the former section, "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."). However, the Sentencing Commission recently amended § 1B1.13 to also apply to compassionate release motions initiated by defendants. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28, 254 (May 3, 2023)(effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n

3

2023)("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A)[.]")

The current iteration of § 1B1.13 moved the list of extraordinary and compelling reasons from the Commentary to the guideline itself as a new subsection (b). The amendment set forth the same three categories of extraordinary and compelling reasons previously found in Application Note 1(A) through (C) and added two new categories and revised the "other reasons" category found in Application Note 1(D).

Section 1B1.13(b) now provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:" (a) the medical circumstances of the defendant–the defendant is suffering from a terminal illness, or other serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, or the defendant is suffering from a medical condition that requires long term or specialized care that is not being provided and without which poses a serious risk of deterioration in health or death, or finally the defendant is housed in a facility with an outbreak of an infectious disease and due to personal health risk factors, the defendant is at increased risk of health complications or death and such risk cannot be mitigated in a timely fashion; or (b) the defendant's age is at least 65 years old, the aging process is causing serious deterioration in

4

mental or physical health and he or she has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; or (c) the family circumstances of the defendant, such as incapacitation of the defendant's minor child, spouse, parent, grandchild, grandparent or sibling if the defendant is the only available caregiver; or (d) the defendant was the victim of abuse while in custody; or (e) the defendant has served 10 years of an unusually long sentence and a subsequent change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023); § 1B1.13(b)(1)-(4); (6). Under an additional catch-all provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4)." *Id*. at §1B1.13(b)(5).

    A reduction in sentence is consistent with the current version of § 1B1.13 if, in addition to the existence of "extraordinary and compelling" reasons, "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*. at §1B1.13(a)(2). Rehabilitation alone does not qualify as an extraordinary or compelling circumstance; however, it "may be considered in combination with the other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is

warranted." *Id*. at § 1B1.13(d). An extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to be considered for a reduction in sentence under the new policy statement. *Id*. at § 1B1.13(e).

District courts may deny compassionate release motions when any of three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the other two. *See Elias*, 984 F.3d at 519. However, if the Court grants a motion for compassionate release, it must address all three factors in its reasoning. *Id*. The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Partin*, No. 6:17-CR-070-CHB-4, 2024 U.S. Dist. LEXIS 19519, at *6 (E.D. Ky. Feb. 5, 2024 (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

B.  **Exhaustion**

The Court will first address whether Hunter has satisfied § 3582(c)(1)(A)'s exhaustion requirement. On October 8, 2021, Warden Lammer received Hunter's request for compassionate release. The Warden responded on October 10, 2021 and denied Hunter's request. Hunter filed his present motion for compassionate release roughly five months later, on March 9, 2022. While Hunter filed his present motion more than thirty days from the date he made his initial request with the Warden, he does not address whether he has appealed this denial. It thus

appears that he has not complied with the exhaustion requirement set forth in § 3582(c)(1)(A).

The Court denotes that the Sixth Circuit Court of Appeals has yet to opine on the meaning of the thirty-day exception to the exhaustion provision of § 3582(c)(1)(A); however, district courts in this and other circuits have concluded that the thirty-day exception does not apply where the warden responds within the thirty-day time period and the inmate fails to use the available avenue to fully exhaust his rights. *See United States v. Woods*, No. 3:13-CR-117-CRS, 2021 U.S. Dist. LEXIS 119971, at *5-6 (W.D. Ky. Jun. 28, 2021) (concluding the thirty-day exception provision was not designed to provide a "gotcha" mechanism when a response is actually received within the thirty-day period and the defendant has an available means to appeal the denial); *United States v. Haas*, No. 6:17-cr-00037-GFVT-HAI-1, 2020 U.S. Dist. LEXIS 143863, at *7 (E.D. Ky. Aug. 7, 2020) (holding that "lapse of 30 days" does not mean "a passage of time" because such an interpretation would allow a defendant to merely wait thirty days after the warden's receipt of his or her request, even where the warden responds and denies the request, before petitioning the court, which renders the statute's "full exhaustion of administrative remedies" meaningless); *United States v. Smith*, No. 4:95-CR-00019-LPR-4, 2020 U.S. Dist. LEXIS 113423, at *8 (E.D. Ark. May 14, 2020) ("[This] interpretation of 'lapse of 30 days' effectively eliminates any reason

at all for a defendant to engage in the administrative appeals process."); *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 U.S. Dist. LEXIS 148078, at *13 (E.D. Cal. Aug. 17, 2020) (holding that "[i]f a defendant's request is not acted upon within 30 days, the defendant may file a motion for compassionate release in federal court, but if the request is denied in 30 days, the defendant must continue to appeal and exhaust available administrative remedies.")(collecting cases).

Here, after Warden Lammer denied Hunter's request for compassionate release, Hunter had the ability to appeal this decision through the BOP's administrative remedy procedure set forth in 28 C.F.R. § 542.18, and he failed to do so. Thus, Hunter has failed to exhaust his administrative remedies consistent with § 3582(c)(1)(A).

C. Merits

However, even if Hunter had exhausted his administrative remedies, Hunter has not met his burden establishing extraordinary and compelling reasons justify a reduction in his sentence under either the previous or current version of § 1B1.13. Hunter relies on his medical conditions and the COVID-19 virus in support of his request for compassionate release.

The Sixth Circuit has held that "when the defendant has access to the COVID-19 vaccine, "there are no 'extraordinary and compelling' reasons arising

8

from COVID-19 exposure warranting sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Hunter has been fully vaccinated against COVID-19 and received the booster vaccine. Hunter has asthma, however Terre Haute has allowed him to manage his condition with the use of a steroid inhaler and an emergency Albuterol inhaler. While Hunter claims his asthma has previously resulted in chronic bronchitis requiring hospitalization, he asserts that he has fully recovered. He alleges that his condition may re-occur at any time, however such speculative allegations do not amount to extraordinary and compelling reasons justifying a sentence reduction. He further advises that he has borderline diabetes and hypertension. His brief explains that these conditions are being properly treated and managed at Terre Haute. Hunter's medical conditions and the COVID-19 virus are not extraordinary and compelling reasons justifying a reduction in his sentence.

Because Hunter cannot establish extraordinary and compelling reasons warrant a sentence reduction in this matter, the Court need not address the § 3553(a) sentencing factors. *See Elias*, 984 F.3d at 519 (district courts may deny compassionate release motions when any of three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the other two).

## IV.  CONCLUSION

Hunter's Motion for Compassionate Release [#56] is DENIED.

Counsel's Ex Parte Motion for Withdrawal of Attorney [#65] is GRANTED.

Hunter's Motion to Stay Proceedings [#66] is DENIED.

Hunter's Motion for Substitution of Counsel [#67] is DENIED.

SO ORDERED.

Dated:     March 11, 2024                    /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2024, by electronic and/or ordinary mail.
/s/ Lisa Bartlett
Case Manager